The opinion of the Court was delivered by.
Mr. Justice Cheves.
1st. The execution of this bill of sale was not such as to make it legally valid as between the parties. Intoxication will not be allowed to exonerate a man from his contracts, though it may be such as to lead him into imprudent and disadvantageous engagements; his liability must be the penalty of his vice. Were it otherwise, drunkenness would be the cloak of fraud: but where it is such as not to leave men the power of distinctly perceiving and assenting, they cannot be bound, because the very essence of a contract is the assent of the contractor to what he may be presumed to understand. Tutt, in this case, from the testimony of the subscribing witness, appeared to be in a state which left him incapable of knowing what he did, and scarcely in a state of consciousness. No man can, under such circumstances, bind himself: he cannot assent. This bill of sale, if these facts are to be believed, never had existence. It was, ipso facto, void.
The transaction, too, has many of the leading badges of fraud as against creditors. It was of all the debtor’s property which his creditors could reach. It appeared to be without consideration, and it was made when the debtor was *30 much indebted. I think the evidence on this ground required a verdict for the plaintiffs; but on the ground of the invalid execution of the deed, I am clear there ought to be a new trial.
2d. The second ground stated in the brief does not present so good a case for the plaintiffs, and is almost sufficient to deny them the benefit of a motion for a new trial. The conversion proved, was previous to the commencement of the plaintiff’s title. A conversion is in its nature a fort, (2 Esp. N. P. 199,) and if the right founded on it be transmissible, it can hardly be contended that it vested in the plaintiffs by virtue of the assignment of the insolvent debtor’s estate. It will be probably perilous for the plaintiffs to rest their action again on the proof of a conversion which was given at the trial, which is now the subject of review. I am, however, of opinion, a new trial ought to be granted, for the reasons before assigned.
Grimlcé, JYott, Colcock, Gantt, and Johnson;, J, concurred.